**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **TEX PAT, LLC,**<br>　　　　*Relator*,<br>　　　　　　v.<br><br>**(1) VISHAY INTERTECHNOLOGY, INC.,**<br>**(2) VISHAY AMERICAS, INC.,**<br>**(3) VISHAY GSI, INC., and**<br>**(4) VISHAY GENERAL SEMICONDUCTOR,**<br>**LLC,**<br>　　　　*Defendants*. | **Civil Action No. 5:11-CV010**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator Tex Pat, LLC ("Relator") makes the following allegations against Vishay Intertechnology, Inc., Vishay Americas, Inc., Vishay GSI, Inc., and Vishay General Semiconductor, LLC (collectively, "Vishay" or "Defendant"):

## NATURE OF THE ACTION

1.  This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

## PARTIES

2.  Relator is a Texas limited liability company, having a principal place of business at 2300 Richmond, Suite 345, Houston, Texas 77098-3265.  Relator has appointed Philip D. Racusin, 2300 Richmond Avenue, Suite 345, Houston, TX 77098-3265, as its agent for service of process.

3.  On information and belief, Vishay Intertechnology, Inc. is a Delaware corporation, having its principal place of business at 63 Lancaster Avenue, Malvern, PA 19355.  On information and belief, Vishay Intertechnology, Inc. has appointed The

Prentice-Hall Corporation System, Inc., 2711 Centerville Rd., Suite 400, Wilmington, DE 19808, as its agent for service of process.

4.   On information and belief, Vishay Americas, Inc. is a subsidiary of Vishay Intertechnology, Inc., and is a Delaware corporation.   Vishay Americas, Inc. has appointed Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, as its agent for service of process.

5.   On information and belief, Vishay GSI, Inc. is a subsidiary of Vishay Intertechnology, Inc., and is a Delaware corporation.   Vishay GSI, Inc. has appointed Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, as its agent for service of process.

6.   On information and belief, Vishay General Semiconductor, LLC is a subsidiary of Vishay Intertechnology, Inc., and/or Vishay GSI, Inc., and is a Delaware corporation. Vishay General Semiconductor, LLC has appointed The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801, as its agent for service of process.

## JURISDICTION AND VENUE

7.   This action arises under the patent laws of the United States, Title 35 of the United States Code.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.   Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

9.   Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and/or continues (and/or has and continues to cause others) to transact business in this District, and has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and/or continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

## **FACTS**

10. Vishay has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 3,996,602 ("the '602 Patent") and 3,930,306 ("the '306 Patent"), true and correct copies of which are attached as Exhibit A-B, respectively, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, its Surface Mount Glass Passivated Junction Fast Switching Rectifier, models RGF1A thru RGF1M, Glass Passivated Junction Fast Switching Rectifier, models RGP02-12E thru RGP02-20E, Surface Mount Glass Passivated Rectifier, models GF1A thru GF1M, Glass Passivated Ultrafast Rectifier, models EGP20A thru EGP20G, Glass Passivated Junction Rectifier, models 1N4001GP thru 1N4007GP, and Miniature Clamper/Damper Glass Passivated Rectifier, models CGP15 & DGP15 products, as illustrated in Exhibits C-H, respectively.

11. The '602 Patent (Exhibit A), which is titled "Passivated and Encapsulated Semiconductors and Method of Making Same," was filed in the United States on August 14, 1975, issued on December 7, 1976, and assigned to General Instrument Corporation, which Vishay subsequently acquired.

12. The '602 Patent expired, at the very latest, on August 14, 1995.

13. When the '602 Patent expired, all future rights in that patent ceased to exist.

14. The '306 Patent (Exhibit B), which is titled "Process for Attaching a Lead Member to a Semiconductor Device," was filed in the United States on April 24, 1974 and issued on January 6, 1976, and assigned to General Instrument Corporation, which Vishay subsequently acquired.

15. The '306 Patent expired, at the very latest, on April 24, 1994.

16. When the '306 Patent expired, all future rights in that patent ceased to exist.

17. Subsequent to expiration of the '602 Patent and the '306 Patent, Vishay has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '602 Patent and the '306 Patent in combination with its Surface Mount Glass Passivated Junction Fast Switching Rectifier, models RGF1A thru RGF1M products.   *See, e.g.*, Exhibit C (containing product literature, which was available on Vishay's website at or near the time of filing this original complaint,[1] bearing published revision dates of April 11, 2008 and July 18, 2008, an electronic creation and modification date of September 25, 2009, and prominently touting the "patented" nature of the Surface Mount Glass Passivated Junction Fast Switching Rectifier, models RGF1A thru RGF1M products in combination with marking, affixing, and/or advertising of the '602 Patent and the '306 Patent).

---

[1] Vishay's website, www.vishay.com/docs/88697/rgf1.pdf (last visited Jan. 12, 2011).

18. Subsequent to expiration of the '602 Patent and the '306 Patent, Vishay has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '602 Patent and the '306 Patent in combination with its Glass Passivated Junction Fast Switching Rectifier, models RGP02-12E thru RGP02-20E products. *See, e.g.*, <u>Exhibit D</u> (containing product literature, which was available on Vishay's website at or near the time of filing this original complaint,[2] bearing published revision dates of July 18, 2008 and April 14, 2009, an electronic creation and modification date of September 25, 2009, and prominently touting the "patented" nature of the Glass Passivated Junction Fast Switching Rectifier, models RGP02-12E thru RGP02-20E products in combination with marking, affixing, and/or advertising of the '602 Patent and the '306 Patent).

19. Subsequent to expiration of the '602 Patent and the '306 Patent, Vishay has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '602 Patent and the '306 Patent in combination with its Surface Mount Glass Passivated Rectifier, models GF1A thru GF1M products. *See, e.g.*, <u>Exhibit E</u> (containing product literature, which was available on Vishay's website at or near the time of filing this original complaint,[3] bearing published revision dates of July 18, 2008 and December 20, 2010, an electronic creation and modification date of December 20, 2010, and prominently touting the "patented" nature of the Surface Mount Glass Passivated Rectifier, models GF1A thru GF1M products in combination with marking, affixing, and/or advertising of the '602 Patent and the '306 Patent).

---

[2] Vishay's website, www.vishay.com/docs/88699/rgp02.pdf (last visited Jan. 12, 2011).
[3] Vishay's website, www.vishay.com/docs/88617/gf1.pdf (last visited Jan. 12, 2011).

20. Subsequent to expiration of the '602 Patent and the '306 Patent, Vishay has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '602 Patent and the '306 Patent in combination with its Glass Passivated Ultrafast Rectifier, models EGP20A thru EGP20G products. *See, e.g.*, <u>Exhibit F</u> (containing product literature, bearing published revision dates of August 5, 2009 and July 18, 2008, and prominently touting the "patented" nature of the Glass Passivated Ultrafast Rectifier, models EGP20A thru EGP20G products in combination with marking, affixing, and/or advertising of the '602 Patent and the '306 Patent).

21. Subsequent to expiration of the '602 Patent and the '306 Patent, Vishay has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '602 Patent and the '306 Patent in combination with its Glass Passivated Junction Rectifier, models 1N4001GP thru 1N4007GP products. *See, e.g.*, <u>Exhibit G</u> (containing product literature, bearing published revision dates of July 18, 2008 and April 2, 2008, and prominently touting the "patented" nature of the Glass Passivated Junction Rectifier, models 1N4001GP thru 1N4007GP products in combination with marking, affixing, and/or advertising of the '602 Patent and the '306 Patent).

22. Subsequent to expiration of the '602 Patent and the '306 Patent, Vishay has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '602 Patent and the '306 Patent in combination with its Miniature Clamper/Damper Glass Passivated Rectifier, models CGP15 & DGP15 products. *See, e.g.*, <u>Exhibit H</u> (containing product literature, bearing published revision dates of July 18, 2008 and May 26, 2008, and prominently touting the "patented" nature

of the Miniature Clamper/Damper Glass Passivated Rectifier, models CGP15 & DGP15 products in combination with marking, affixing, and/or advertising of the '602 Patent and the '306 Patent).

23. Vishay is a large, sophisticated company. *See, e.g.*, Exhibit I at p. 5 (containing, in part, Vishay Intertechnology, Inc.'s 2009 10-K, indicating that Vishay Intertechnology, Inc. "is a leading international manufacturer and supplier of semiconductors and passive electronic components").

24. Vishay has, and routinely retains, sophisticated legal counsel. *See, e.g.*, Exhibit I at p. 19 ("Litigation regarding patent and other intellectual property rights is prevalent in the electronic components industry, particularly the discrete semiconductor sector."); *Id.* at p. 27 ("We presently have other pending legal actions that we have initiated against companies which we believe are misappropriating our intellectual property rights.").

25. Vishay has decades of experience applying for, obtaining, licensing, and/or litigating patents. *See, e.g.*, Exhibit I at p. 19 (indicating that Vishay Intertechnology, Inc. "ha[s] applied, and will continue to apply, for patents covering [its] technologies and products"); *Id.* at p. 14 ("We have made a significant investment in securing intellectual property protection for our technology and products."); *Id.* (noting "the aggressive pursuit of licensing opportunities").

26. Vishay knows, and at the very least reasonably should know, that the above expired patents do not cover any of the above Vishay products, or any products whatsoever. *See, e.g.*, Exhibit I at p. F-14 (indicating Vishay Intertechnology, Inc.'s knowledge of the finite lifetime of patents by providing that "[p]atents and acquired technology are being amortized over useful lives of seven to twenty-five years").

27. As a result of its false marking, Vishay has injured the United States Government, including its sovereign interest, and Defendant's existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated with enforcement.  *See, e.g.*, Exhibit I at p. 14 ("We face strong competition in various product lines from both domestic and foreign manufacturers that produce products using technologies similar to ours.").

## CLAIM

28. Relator incorporates paragraphs 1–27, as if fully set forth herein.  Vishay has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its products, including its Surface Mount Glass Passivated Junction Fast Switching Rectifier, models RGF1A thru RGF1M, Glass Passivated Junction Fast Switching Rectifier, models RGP02-12E thru RGP02-20E, Surface Mount Glass Passivated Rectifier, models GF1A thru GF1M, Glass Passivated Ultrafast Rectifier, models EGP20A thru EGP20G, Glass Passivated Junction Rectifier, models 1N4001GP thru 1N4007GP, and Miniature Clamper/Damper Glass Passivated Rectifier, models CGP15 & DGP15 products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a).   A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b).   A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c).    An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d).    An award of pre-judgment and post-judgment interests on any monetary award;

(e).    An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f).    Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## <u>DEMAND FOR JURY TRIAL</u>

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 12, 2011                              Respectfully submitted,

<u>By: /s/ Hao Ni</u>
Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2208
hni@nilawfirm.com


Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator**
**TEX PAT, LLC**